UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMPSON,

    Petitioner,

Civil No. 2:10-CV-10465
HONORABLE DAVID M. LAWSON
UNITED STATES DISTRICT JUDGE

v.

BLAINE C. LAFLER,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN**

Michael Thompson, ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his convictions out of the Calhoun County Circuit Court for first-degree murder, discharge of a firearm from a motor vehicle, carrying a concealed weapon, and two counts of felony-firearm. In the interests of justice, the Court concludes that the proper venue for this petition would be in the Western District of Michigan and will order that the petition be transferred to that district.

## I. DISCUSSION

28 U.S.C. 28 U.S.C. § 2241(d) states:

Where an application for a writ of habeas corpus is made by a person
in custody under the judgment and sentence of a State court of a State
which contains two or more Federal judicial districts, the application
may be filed in the district court for the district wherein such person is

1

in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F.Supp. 818, 819-20 (E.D.Mich.1988) (Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.*, 204 F.Supp.2d 818, 820 (D.N.J.2002).

In the present case, petitioner was convicted in Calhoun County, Michigan and is presently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000). Because petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district, the Western District of Michigan is the only court with jurisdiction to hear petitioner's § 2254 petition. *See Carmona v. Andrews*, 357 F.3d 535, 537-39 (5th Cir. 2004); *See also Manes v. Bell*, No. 2007 WL 1228093, * 1 (E.D.Mich. April 23, 2007)

2

(because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(*citing Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y.1975)).  Although neither party raised the jurisdictional issue, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F.Supp. 145, 146 (E.D.Mich.1996).

### III.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

S/R. Steven Whalen

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 8, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 8, 2010.

S/Gina Wilson
Judicial Assistant