UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL THOMPSON,            )
                             )
         Petitioner,         )      Case No. 1:10-cv-132
                             )
v.                           )      Honorable Paul L. Maloney
                             )
BLAINE LAFLER,               )
                             )      **REPORT AND RECOMMENDATION**
         Respondent.         )
_____)

This is a habeas corpus proceeding brought by a state prisoner under 28 U.S.C. § 2254. After a jury trial, petitioner was convicted in the Calhoun County Circuit Court of first-degree murder, MICH. COMP. LAWS § 750.316(1)(a); discharging a weapon from a motor vehicle, MICH. COMP. LAWS § 750.234a; two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b; and carrying a concealed weapon, MICH. COMP. LAWS § 750.227. On April 23, 2007, petitioner was sentenced to life imprisonment on the first-degree murder conviction, 2 years and 5 months-to-4 years on the conviction for discharging a weapon from a motor vehicle, a 2-year mandatory term for each of the felony-firearm convictions, and 3 years and 2 months-to-5 years on the concealed weapons charge. The Michigan Court of Appeals affirmed these convictions on October 28, 2009. The Michigan Supreme Court denied discretionary review on April 28, 2009. Petitioner initiated the present habeas corpus proceeding on February 3, 2010, by filing his petition in the Eastern District of Michigan. The case was transferred to this court on grounds of venue on February 8, 2010.

The amended habeas corpus petition presents the following two grounds for relief:

I. Petitioner's Convictions Should Be Reversed Because The Trial Court Erred In Admission of the Testimony of the Witness Mr. Ousley.

II. [Petitioner] Was Denied Effective Assistance of Counsel By His Attorney's Failure To: (A) Motion the Court to Compel the Production of the Declarant Whose Alleged Statements Were Used As Material Facts Against Him. . . . (B) Investigate and Present Favorable Defense Witnesses.

(Am. Pet., ¶ 14, docket # 8). Respondent has filed an answer to the petition, supported by the complete state-court record. Chief Judge Paul Maloney has referred this matter to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2254 Proceedings in the District Court. After review of the record and the submissions of the parties, I conclude that the petition is without merit and recommend that it be denied.

**State-Court Proceedings**

The state-court prosecution arose from a shooting that occurred in Battle Creek on July 22, 2002. Petitioner and his companion, Terrance "Jack" Stevens, were involved in a bar fight at Green's Tavern in Battle Creek. Petitioner and Stevens were outnumbered, and both received a beating. Petitioner and Stevens called a friend, Leon Mohead, and asked him for a gun. Petitioner, Stevens and Mohead met in an after-hours establishment called The Warehouse. At The Warehouse, petitioner saw two of his adversaries from the bar fight at Green's Tavern. Petitioner and his friends later followed these men to an apartment complex, where petitioner fired several shots from inside a car. One of the men involved in the bar fight, Kieaunta Ward, was hit and ultimately died from

a single gunshot wound to the chest. Petitioner was charged with open murder, as well as the firearms violations identified above.

Jury trial commenced on March 20, 2007, before Circuit Judge Stephen B. Miller.[1] The prosecution called twenty-five witnesses. The defense rested without presenting testimony. It is not necessary for purposes of this habeas corpus proceeding to review the extensive testimony presented at trial, because petitioner's habeas claims are limited to the testimony presented by a single prosecution witness, Charles Ousley. Petitioner's appellate claims focused on allegedly inadmissible hearsay evidence presented through the testimony of Ousley. Ousley was a state prisoner who had been housed at the Adrian Temporary Facility with Leon Mohead. While they were incarcerated together, Mohead made certain statements to Ousley concerning the murder of Kieaunta Ward. Mohead purportedly repeated to Ousley statements that incriminated Mohead himself. In addition, Mohead repeated to Ousley incriminating statements made by Stevens, raising the issue of hearsay-within-hearsay. Petitioner's trial counsel conceded that the hearsay statements were non-testimonial and therefore did not implicate the Confrontation Clause. He lodged objections, however, on the basis of state hearsay rules. At a pretrial hearing addressed to evidentiary issues, the trial court conditionally admitted the statements under recognized exceptions to the hearsay rule. (Motion Hearing Tr. at 23-43, docket # 21).

After petitioner was convicted, he appealed to the Michigan Court of Appeals. Petitioner's appointed appellate counsel filed a brief raising a single appellate issue: The trial court erred in admitting the testimony of Ousley. (*See* Appellant's Brief on Appeal at 2, found in Court of Appeals record, docket # 28). In the body of the argument, however, counsel also asserted that

---

[1] The trial transcript is filed in the present record as docket numbers 22-26.

trial counsel was ineffective for failing to challenge the admissibility of the hearsay evidence at trial and for failing to call Mohead as a witness. In a *per curiam*, unpublished opinion issued October 28, 2008, the Michigan Court of Appeals reviewed both claims.

With regard to the hearsay challenge, the appellate court found that Stevens's statements to Mohead, as reported by Ousley, were not hearsay at all, because they were not admitted for the truth of the matter asserted. (Op. at 2, docket # 28). With regard to Mohead's statements to Ousley, the court found the statements were admissible as declarations against a penal interest under Mich. R. Evid. 804(b)(3). The court went on to find that the statements bore adequate indicia of reliability, as required by state law. (*Id.* at 3). With regard to the claim of ineffective assistance of counsel, the court first found that the issue had not been preserved properly, for failure to present it in petitioner's statement of issues. (*Id.* at 4, citing MICH. CT. R. 7.212(C)(5)). The court went on to hold that the claim lacked merit, noting that defense counsel opposed the prosecution's presentation of the challenged statements both at a preliminary examination and the pretrial motion hearing. The court held that the testimony was properly admitted and that further objections would have been futile. With respect to defense counsel's failure to call Mohead as a witness, the appellate court relied on the trial court's finding that Mohead had absconded from parole and therefore was unavailable. (*Id.* at 4). Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court which denied the application by standard order entered April 28, 2009. (docket # 29).

In his *pro se* habeas corpus petition, petitioner raises the same two claims reviewed and rejected in the Michigan appellate courts. First, he asserts that the trial court erred in allowing witness Ousley to present hearsay testimony. Second, he contends that his trial attorney was

constitutionally ineffective for failure to object to the testimony and for failure to call Mohead as a witness.

**Applicable Standard**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the court's review. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (*per curiam*); *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (*per curiam*); *Renrico v. Lett*, 559 U.S. 766, 773 (2010). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 131 S. Ct. 733, 739 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ((("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).

AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. at 693-94. It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012)(*per curiam*). The AEDPA standard is difficult

to meet "because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Harrington*, 131 S. Ct. at 786. Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Metrish v. Lancaster*, 133 S. Ct. at 1786-87; *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010).

## Discussion

### I. Admission of Hearsay

Petitioner's first claim was presented in the state court as a pure issue of state hearsay law. Petitioner's initial presentation in this court follows along the same lines. In a reply brief, petitioner attempts to raise a Confrontation Clause claim, which was never raised in the state appellate courts.

Although the admission of certain hearsay evidence can violate the Confrontation Clause of the Sixth Amendment, the Confrontation Clause applies only to testimonial hearsay. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). A statement is testimonial when, judged in the

totality of the circumstances, it was generated by police interrogation meant to investigate past events potentially relevant to criminal proceedings. *Davis v. Washington*, 547 U.S. 813, 822 (2006). Petitioner's appellate counsel conceded that the statements involved in this case were "not testimonial in nature." (Appellant's Brief on Appeal at 17, found in Court of Appeals record, docket # 28). This was clearly a correct concession, as the police were not involved in any aspect of the challenged statements. The Supreme Court has now made it clear that if a hearsay statement is non-testimonial, the Confrontation Clause simply does not apply and admissibility is governed by the appropriate state law rules of evidence. *Whorton v. Bockting*, 549 U.S. 406, 413-14 (2007). Petitioner has no arguable Confrontation Clause claim.

In light of the non-testimonial nature of the challenged hearsay statements, the questions of their admissibility was governed completely by state law. Habeas corpus relief is available to a state prisoner only if he is held in custody in violation of the federal Constitution or laws. 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Although, at least in theory, an evidentiary error can be so egregious that it results in a denial of fundamental fairness and therefore abridges due process, such a due-process claim must be based on clearly established law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). A petitioner must base his argument on a holding, as opposed to dictum, enunciated by the United States Supreme Court. *See Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012). Petitioner did not argue in the state appellate courts that the admission of hearsay in his case contravened any clearly established law enunciated by the United States Supreme Court. His submission to this court likewise fails to identify any such authority.

Petitioner's first claim for habeas corpus relief frames an issue of state law, which cannot form the basis for habeas corpus relief. Any Confrontation Clause challenge is inarguable, because the alleged hearsay was not testimonial in nature. Petitioner's first claim for relief is devoid of any federal constitutional foundation and therefore must be denied.

**II.    Ineffective Assistance of Counsel**

Petitioner's appellate counsel argued, in passing, that trial counsel was ineffective for failure to object to hearsay testimony from witness Ousley and for failure to call Mohead as a witness. The Michigan Court of Appeals, although noting that the issue had not been properly preserved, rejected this challenge on its merits. The court found that trial counsel had indeed challenged the hearsay testimony and that any further objection would have been futile, as the testimony was admissible under state law. Relying on the trial court's finding that Mohead was a parole absconder, the appellate court determined that counsel could not be deemed ineffective for failing to call an unavailable witness.

In his habeas corpus petition, petitioner repeats his appellate claims. The Michigan Court of Appeals decided all these Sixth Amendment claims on their merits, applying the federal standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, the court focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "[T]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the Court of Appeals decided petitioner's claims of ineffective assistance of counsel on their merits, its decision must be afforded deference under AEDPA. *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 131 S. Ct. at 784. To receive habeas relief, petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (2013). "[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated

under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *see Ballinger v. Prelesnik*, 709 F.3d 558, 563 (6th Cir. 2013).

The decision of the Michigan Court of Appeals easily withstands scrutiny under the doubly deferential standard required by AEDPA. The appellate court determined that counsel was not ineffective for failure to persist in his hearsay objection to Ousley's testimony, because the testimony was admissible. The statements by Stevens to Mohead, as told by Ousley, were admissible non-hearsay, as they were not offered to establish the truth of the matter asserted. With regard to Mohead's statements to Ousley, the court found that the statements fell within a firmly rooted hearsay exception and that they bore sufficient indicia of reliability, as required by decisions of the Michigan Supreme Court. Thus, as a matter of state law, "the testimony was properly admitted; therefore, defendant's ineffective assistance of counsel claim must fail." (Op. at 4, docket # 28). On habeas corpus review, this court is bound by determinations of state law announced by an appellate panel on direct review. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). As any hearsay objection would be governed completely by state law, *Bradshaw* compels this court to conclude that the Ousley testimony was indeed not objectionable. An attorney cannot be deemed ineffective for failing to raise a meritless objection. *See Kittka v. Franks*, No. 12-1919, ___ F. App'x ___, 2013 WL 5227043, at * 5 (6th Cir. Sept. 18, 2013); *Milstead v. Sherry*, 525 F. App'x 323, 326 (6th Cir. 2013).

The appellate court likewise rejected petitioner's claim of ineffective assistance of counsel arising from the failure to call Mohead as a witness. The appellate court noted that the trial

court found that Mohead had absconded from parole, thereby rendering it futile for defense counsel to call him as a witness. (Op. at 4). On habeas corpus review, findings of fact by state trial and appellate courts are presumed to be correct; a petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Thus, this court must accept as true the finding of the state courts that Mohead was not available to testify, as petitioner has provided absolutely no evidence to the contrary. An attorney is not ineffective for failure to call an unavailable witness.

## **Recommended Disposition**

Petitioner's first claim for relief raises a pure issue of state law, which is not cognizable in habeas corpus. His second claim, ineffective assistance of counsel, easily withstands review under AEDPA, as the decision of the Michigan Court of Appeals was not objectively unreasonable. I therefore recommend that the petition be denied on its merits.


Dated: January 16, 2014            /s/ Joseph G. Scoville
                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).