UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMPSON #229033,         )
       Petitioner,         )
                )     No. 1:10-cv-132
-v-         )
                )     HONORABLE PAUL L. MALONEY
BLAINE LAFLER,         )
       Respondent.         )
_____)

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

Petitioner Michael Thompson, a prisoner under the control of the Michigan Department of Corrections, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on Petitioner's objections (ECF No. 36) to a Report and Recommendation (ECF No. 33) issued by the magistrate judge. For the reasons outlined below, Petitioner's objections are **OVERRULED IN PART** and the Report and Recommendation is **MODIFIED** and **ADOPTED** as the opinion of this Court.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474

U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Here, having reviewed the objections de novo, the Court finds the Report and Recommendation accurately states the applicable facts and correctly applies the relevant law.

The magistrate judge identified and addressed two claims raised in the petition for habeas relief: (1) that the trial court erred in admitting the allegedly hearsay testimony of a witness, and (2) that Thompson received ineffective assistance of counsel because his attorney failed to file a motion to compel the production of a witness and failed to investigate and present favorable defense witnesses. (ECF No. 1.) The magistrate judge recommended that the petition be denied on the first claim because the hearsay question is a state law issue not cognizable in a habeas petition and the Confrontation Clause does not apply because the statement was non-testimonial. Petitioner objects, asserting that hearsay violations do rise to the level of a constitutional violation, and thus the state appellate court and this Court should have applied the hearsay test set out in *Chambers v. Mississippi*, 410 U.S. 284. Petitioner believes the hearsay was not trustworthy because there is no proof of the connections between the witness, Petitioner, and the declarant. The Court finds the R&R accurately describes the law on this point and agrees that Petitioner has not provided a constitutional basis for his claim. A habeas petition cannot be used to address alleged errors of state law by a state court. Thus, the R&R's recommendation that Petitioner's first claim be denied will be adopted.

Next, the magistrate recommended that the petition be denied on the second claim because the Michigan Court of Appeals' denial of the ineffective assistance of counsel claim was proper and not objectively unreasonable under the deferential review required by the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA). Petitioner's objection asserts that the magistrate judge failed to address the second basis for Petitioner's ineffective assistance claim: that counsel failed to investigate and present favorable defense witnesses. Petitioner specifically asserts for the first time that he had no adversary process because the defense rested without presenting any testimony. Petitioner lists particularized information supporting his claim for the first time in the objection to the R&R: that counsel should have called the prison custodian of records, possible alibi witnesses, and Petitioner himself, as well as investigating whether the key witness against Petitioner was given a reward for his testimony. Although Petitioner is correct that the R&R does not address these claims, the habeas petition will nonetheless be denied because these claims were not exhausted in Petitioner's state court appeal. Accordingly, the R&R will be modified to include the following two paragraphs:

> Petitioner asserts that his trial counsel was ineffective for "failure to investigate and present defense witnesses." This claim is unexhausted because it is effectively raised for the first time in the habeas petition to the extent that it addresses defense witnesses other than Leon Mohead. State prisoners must exhaust available state judicial remedies by fairly presenting each claim to the state courts before a federal court can entertain a petition for habeas corpus on that claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); 28 U.S.C. § 2254(b)(1)(A) and (c). A petitioner must present his claim "in each appropriate state court" in the standard review process to allow the state courts the opportunity to rule on the merits of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Both the factual and legal basis for the claim must be presented to the state court with "considerable specificity" and "particularity" to exhaust the claim. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006);

3

*Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (9th Cir. 2005).

Petitioner's brief on direct appeal to the Michigan Court of Appeals asserted only that the failure to call Mohead was error, and thus the court did not address counsel's failure to call any other witnesses. (*See* App. Brief., ECF No. 1 at pg. 33-34; Opinion, ECF No. 1 at pg. 9.) There is a passing reference to "other defense witnesses" in the Petitioner's brief requesting review by the Michigan Supreme Court. (ECF No. 1-2 at pg. 15.) However, Petitioner's failure to raise the issue before the Court of Appeals means that it was not fairly presented to the Michigan Supreme Court. *See Ochoa v. Breslin*, 798 F. Supp. 2d 495, 501-02 (S.D. N.Y. 2011) (finding claim raised before New York's highest court unexhausted because it was not raised in intermediate appellate courts). Further, that passing reference to the lack of adversarial process was insufficiently specific or particular to fairly raise the issue before the state courts. *See Fulcher*, 444 F.3d 798. Accordingly, Petitioner's claim of ineffective assistance of counsel based on his trial counsel's failure to investigate defense witnesses other than Mohead is unexhausted and must be dismissed so the state court can have the first opportunity to consider it.[1] *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

For these reasons, the magistrate judge's ultimate recommendation denying the habeas petition is not impacted by the R&R's omission of the above discussion. Accordingly, this modification does not impact the disposition of the petition. Petitioner's second habeas claim will

---

[1] Although unexhausted claims may be considered if they are procedurally defaulted and the petitioner shows cause for the default and prejudice to his defense at trial or actual innocence, *see Geneva v. Lazaroff*, 77 F. App'x 845, 849-50 (6th Cir. 2003); *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002), Petitioner has not made such a showing here. There was no reason Petitioner could not have brought this claim in his direct appeal of his conviction.

be denied.

Finally, Petitioner objects to the use of the name Joseph Allen as the respondent to this action, because Petitioner has been moved to a different correctional facility. The respondent in this action is currently Blaine Lafler, not Joseph Allen. However, because the habeas petition will be dismissed by this order, the name of the respondent is immaterial going forward and has no impact on the merits of petition. Petitioner's objection is overruled.

For the above reasons, Petitioner's objections (ECF No. 36) are **OVERRULED IN PART** and the magistrate judge's Report and Recommendation (ECF No. 33) is **MODIFIED** and **ADOPTED** as the opinion of this court. Petitioner's request for habeas relief is **DENIED.** A certificate of appealability is **DENIED.**

   **IT IS SO ORDERED.**


Date:   May 8, 2014                              /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                Chief United States District Judge